## Case No. 871.

### BANK OF COLUMBIA v. KING.

[2 Cranch, C. C. 570.] [1]

Circuit Court, District of Columbia. May Term, 1825.

NEGOTIABLE INSTRUMENTS—DEATH OF INDORSER—NOTICE OF NON-PAYMENT.

1. If the indorser of a note payable on the 8th–11th of October die intestate on the 9th, notice of non-payment left with his son at the counting-house of the deceased on the 11th is sufficient.

[See Bank of Washington v. Reynolds, Case No. 954.]

2. If the note become payable on the 15th–18th of October, a like notice left on the 18th is sufficient, no administration having been granted before that day.

3. But if the note become payable on the 22d–25th of October, a like notice left at the same place on the 25th is not sufficient, the administrator having a separate place of business in another part of the town.

At law. Assumpsit [by Bank of Columbia] against the administrator of [George King.] the indorser of several promissory notes, made by Wharton & Grindage.

One of the notes became payable on the 11th of October, 1821, for $2,565; that being the last day of grace. George King, the defendant's intestate, died on the 9th, and was buried on the 11th, on which day notice of non-payment was left with a son of George King in the counting-house occupied by him as his place of business up to the day of his death. This was a warehouse in the lower story of the dwelling-house in which George King died, and in which his family continued to reside. The son, with whom the notice was left, was of full age, and had sometimes transacted business for his father in that warehouse.

THE COURT (nem. con.) said the notice was sufficient.

Another note became payable on the 15th–18th of October, 1821, for $1,026. A like notice was left in that manner at the same place, on the 18th and 19th of October. Administration was granted to the defendant on the 18th.

Mr. Marbury objected that this notice was not sufficient to charge the defendant, and cited the case of Bank of Washington v. Reynolds, in this court at April term, 1822, [Case No. 954.]

But THE COURT overruled the objection.

A third note became payable on the 22d–25th of October, 1821, for $950. The administrator kept a counting-house, in which he transacted the business of the estate, at another part of the town, but the notice was left in the same manner as the other notices.

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (nem. con.) said it was sufficient notice to charge the defendant.

Mr. Marbury again contended, in regard to the note due 15th–18th October, that as a notice on the 19th, (the day after the last day of grace,) would not have been too late, and as administration had been granted on the 18th, notice should have been given to the administrator on the 19th.

But THE COURT (nem. con.) said that the plaintiffs, having done all that they were bound to do on the 18th of October, (the last day of grace,) were not bound to give a notice to the administrator on the 19th.

